FENTON METALLIC MANUF'G CO. v. CHASE et al.

(Circuit Court, S. D. New York. March 31, 1896.)

1. OPENING DEFAULT INJUNCTION—REIMBURSEMENT OF EXPENSES.
   Where a preliminary injunction, obtained by default, was opened on presentation of satisfactory excuses, *held*, that defendant should reimburse complainant, at the regular rate, for all disbursements incurred in procuring affidavits and copies of documents read by him in the application to open the default, and *not used on the original motion for the injunction.*

2. PATENTS—INVENTION.
   No patentable invention is involved in providing skeleton-frame, roller-shelf book cases with "hand-holes," or re-entrant recesses, to facilitate lifting the books from the shelves, similar to the hand-holes used in the old-fashioned wooden shelves.

3. SAME—PRELIMINARY INJUNCTION—PRIOR DECISIONS.
   A prior decision by the supreme court of the District of Columbia, granting an injunction, without opinion, in a case in which the defendants were in privity with parties who had been contestants in interference proceedings in the patent office, in relation to the alleged invention, *held* insufficient to support a motion for preliminary injunction against another alleged infringer.

4. SAME—BOOK CASES.
   The Hoffman patent, No. 450,124, for improvements in book cases, *held* invalid on motion for preliminary injunction, for want of invention.

This was a suit in equity by the Fenton Metallic Manufacturing Company against Samuel W. Chase and others for alleged infringement of a patent relating to book cases. Defendant moves to vacate a default order for a preliminary injunction.

Paul Bakewell and Leonard E. Curtis, for the motion.
Edwin H. Brown, opposed.

LACOMBE, Circuit Judge. This is an application by a defendant against whom an injunction pendente lite was obtained by default to open such default and vacate the injunction. Satisfactory excuses are presented for opening such default, and the motion to that effect is granted upon payment to complainant of the disbursements, at the regular rate, for taking depositions, incurred in procuring all affidavits and copies of documents read by the complainant upon this application, and which were not a part of the papers presented by it on original motion for the injunction. The case may then be disposed of as if motion for injunction pendente lite were now first made. The patent is No. 450,124, to Horace J. Hoffman, April 7, 1891, for improvements in storage cases for books. As stated in the patent, the object of the invention is "to facilitate the

handling and prevent the abrasion and injury of heavy books, etc. It consists, essentially, of the peculiar arrangement of the guiding and supporting rollers and of the peculiarities in construction of the case and shelves hereinafter specifically set forth." It is unnecessary to discuss the details of the patent, or to enter into any elaborate disquisition on the state of the art. That may be more appropriately left for final hearing. Where the validity of a patent is attacked, and there is not a clear preponderance in its favor, injunction pendente lite should not issue. Not only has the complainant no clear case, but, on the contrary, it is difficult to see on what ground it can be seriously contended that there is patentable novelty warranting such a construction of the patent as would cover defendants' structure. Roller-shelf book cases were old. So, too, it was old to provide such shelves with a roller or rollers arranged in front of the edge of the shelf, so as to facilitate the insertion and removal of a heavy book without friction or abrasion. Stripped of all verbiage, the sole improvement of the patentee germane to the structures now before the court consisted in so arranging the front edge of the shelf as to provide a re-entrant band or recess therein, so that the hand could be inserted a greater or less distance back from the line of the front edge, and the book seized hold of. The evidence shows, and certainly without any proof it is common knowledge, that so-called "hand-holes" in the front of book shelves have been used for very many years before the patent was applied for. It is true that these "hand-holes" or "re-entrant recesses" had been provided only in the old-fashioned wooden shelves unprovided with rollers; but when skeleton-frame roller shelves had come into use it seems a rather startling proposition to advance that it required inventive genius to provide them with the same sort of "hand-hold" to perform the same function. There might be some mechanical ingenuity warranting a patent for the details of the structure, but to hold defendant as an infringer the patent must be construed so broadly as to cover the recess or hand-hole generally, whether it be rounded or square, formed by a bending-in of the front bar of the frame, or by protruding rollers on brackets to the right and left of the recess beyond the front bar.

Since the patent apparently does not disclose sufficient patentable invention to stand alone, the only question remaining is whether the decision of the supreme court of the District of Columbia will support it. The infringing structure in that case, save for some most trivial mechanical details, was manifestly the same as the defendants' here. That court wrote no opinion, so we are unable to determine what meritorious elements it found in the patent. It is a suggestive circumstance, however, that the defendant in the Washington suit was in privity with Jewell & Yarman, who had been in interference in the patent office with Hoffman, the patentee, over this very patent, claiming to be themselves the first inventors, and asking a patent for their "invention." This interference did not prevent defendants in the Washington suit from arguing that there was no patentable novelty in the alleged invention, but such contention came with ill grace from them. In granting a decree and

writing no opinion the supreme court of the District may have intended to express the conclusion that for some sufficient reason, not shown here, those particular defendants should be enjoined, while at the same time, by not filing an opinion, they avoided giving the patentee a supporting adjudication which would enable him to get injunctions as a matter of course against infringers generally. The injunction pendente lite is therefore vacated, but, inasmuch as defendants' carelessness has made the argument more troublesome for their adversary than it otherwise would be, solely upon condition that defendants file each month until final hearing a sworn statement of all shelves with hand-holes sold by it, giving date of sale, name of purchaser, and, if not manufactured by defendants, name of person from whom purchased.