FENTON METALLIC MFG. CO. v. CHASE et al.

(Circuit Court, S. D. New York.    February 9, 1898.)

PATENTS—BOOKCASES.

> The Hoffman patent, No. 450,124, for improvements in skeleton-frame, roller-shelf bookcases, with hand holes or re-entrant recesses, to facilitate lifting the books from the shelves, is void for want of invention. 73 Fed. 831, affirmed.

This was a suit in equity by the Fenton Metallic Manufacturing Company against Samuel W. Chase, the St. Louis Art Metal Company, and others, for alleged infringement of a patent for an improvement in bookcases. The patent was heretofore held invalid on defendants' motion to vacate a default order for a preliminary injunction. 73 Fed. 831. The cause is now on final hearing.

Edwin H. Brown, for plaintiff.
Paul Bakewell, for defendant.

WHEELER, District Judge.    This suit is brought upon two claims of patent No. 450,124, dated April 7, 1891, and granted to Horace J. Hoffman, assignor, to the plaintiff, for storage cases for heavy books, placed horizontally.    They are for:

> (1) In a storage-case for books, etc., the combination of a supporting rack or shelf composed of metallic strips, and having a re-entrant bend or recess in its front edge, and rollers journaled in said rack, and projecting above and in front of the same on each side of said bend or recess, substantially as described.
> (2) In a bookshelf, the combination of a supporting frame, a series of horizontal rollers, the front roller in two separated sections, the intermediate part of the frame being carried back to permit the admission of the hand between said roller sections, substantially as described.

This case was before this court, held by Judge Lacombe, on a motion to dissolve an injunction, and the patent was then much consid-

ered. 73 Fed. 831. Not much more has been made to appear now, and little more seems necessary to be said. The hand recess was well known before Hoffman's supposed invention, and its use is the same in one form as in another of such a bookcase. Rollers were known for relieving the books and their supports from friction; and so were rollers at each side of room for handling the books. Rollers at each side of the hand recess in front of and above the frame may be new in that exact position; but they operate there as such rollers had done before, and no differently because of any relation to the hand recess formed of the frame. There does not seem to be any new working combination in either of these claims. Bill dismissed.